ADAM REISNER, ESQ. (SBN 204351)
adam@reisnerlaw.com
TESSA KING, ESQ. (SBN 251408)
tessa@reisnerlaw.com
TRAVIS BECK, ESQ. (SBN 334316)
travis@reisnerlaw.com
REISNER & KING LLP
15303 Ventura Blvd, Suite 1260
Sherman Oaks, California 91403
Phone:    (818) 981-0901
Fax:       (818) 981-0902

Attorneys for Plaintiff **ADAM FRY**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FRY,<br><br>                    Plaintiff,<br><br>     v.<br><br>NAVISTAR, INC.,<br>JEFFREY DOSSEY, an individual; and<br>DOES 1 THROUGH 100,<br><br>                    Defendants. | Case No.:  2:22-cv-01201-TLN-JDP<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $13,125.00 AGAINST DEFENDANT NAVISTAR INC., AND ITS ATTORNEYS LITTLER MENDELSON P.C., AND KARA L. JASSY, ESQ. AND NATHANIEL H. JENKINS ESQ., JOINTLY AND SEVERALLY**<br><br>Date:           September 8, 2022<br>Time:          2:00 p.m.<br>Dept.:          4-200 (15th Floor)<br>Judge:         Hon. Troy L. Nunley |

1

**DECLARATION OF ADAM REISNER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

I, Adam Reisner, hereby declare:

1. I am the partner attorney at the law offices of Reisner and King LLP, counsel of record for Plaintiff, Adam Fry, in the above-entitled action. I am admitted to practice before this Court. I have personal knowledge of all matters set forth herein. If called as a witness to testify to these matters, I could and would testify competently to these matters.

2. I sent out a detailed meet and confer letter discussing issues and deficiencies in Defense Counsel's removal notice. However, Defendant Navistar has refused to stipulate to remand despite receiving sufficient case law and legal authority demonstrating their removal papers were not objectively reasonable. Attached hereto as **Exhibit A** is a true and correct copy of this meet and confer letter.

3. Defense Counsel has provided no substantive response to any of the deficiencies I listed in Plaintiff's meet and confer letter.

4. On May 27, 2022, my office filed Mr. Fry's lawsuit in the Superior Court of the State of California for the County of Yolo and served Defendant Navistar on June 19, 2022 and Defendant Jeffrey Dossey on June 10, 2022. Attached hereto as **Exhibit B** is a true and correct copy of the Proof of Summons served.

5. Then on July 11, 2022, Defendant Navistar improperly filed a Notice of Removal Pursuant to 28 U.S.C § 1441(B).

6. Consequently, I immediately sent out a meet and confer letter on July 11, 2022, which listed the deficiencies in Defendant Navistar's removal.

7. In return, Defense Counsel did not stipulate to a remand while providing no substantive discussion as to the issues raised in the meet and confer letter that I sent out.

8. I filed this remand motion within thirty days of the removal date.

9. Here, I spent 12 hours in the preparation of this motion and intend to spend 3 more hours composing a reply to Defendant Navistar's Opposition papers.

2

**DECLARATION OF ADAM REISNER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

10.    I also expect to spend an additional 3 hours attending the hearing in this matter. My hourly rate is $750.00 per hour.

11.    Therefore, I request attorneys' fees for 15 hours of work at $750.0 an hour for 11,250.00 in attorneys' fees.

12.    I also spent 2.5 hours preparing Plaintiff's meet and confer letter in this matter with an hourly rate of $750 for an additional amount of $1,875 in attorneys' fees.

13.    My reasonable hourly rate is $750.00 an hour as is commensurate with my experience as well as the reasonable rates of other plaintiff's attorneys with equivalent skill and experience. Some of my experience, from earliest to latest, with my hourly rate being upheld as reasonable includes:

      a.    On March 6, 2020, I was upheld at my current hourly rate of $650.00 in the Orange County Superior Court case Sean Walsh v. Mapperatri USA, LLC, 30-2019-01046748.

      b.    I was upheld in the Kramer v. LAUSD case on a motion for attorney's fees following Jury trial, by Judge Rita Miller in the amount of $625.00 per hour.

      c.    In 2017, I along with my partner Tessa King arbitrated a three-week employment case in Los Angeles County, Kirch v. Macy's, et. al. The Claimant we represented in the matter was a Macy's employee and we obtained an Award in her favor. We prepared a motion for attorneys' fees at my hourly rate of $625.00 an hour and are awaiting the Arbitrator's ruling on the motion.

      d.    On or about April 19, 2017, my hourly rate of $625 was upheld as reasonable by Hon. Judge Barbara M. Scheper in a Default Prove-Up Judgment in the case De Kauwe v. North American Chemical Services, et. al., Case No. BC548079. The Court also upheld a 2.0 times loadstar multiple, which caused my effective hourly rate to be upheld at $1,250.

      e.    This is not an exhaustive account of my attorney fees awards or where I have been

3

**DECLARATION OF ADAM REISNER, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

held reasonable over the last 22 years.

I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the foregoing is true and correct.


DATED:  July 15, 2022                                    **REISNER & KING LLP**

                                        By:  _Adam Reisner_____
                                             ADAM RESINER, ESQ.
                                             Attorney For Plaintiff
                                             ADAM FRY

4

**DECLARATION OF ADAM REISNER, ESQ. IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND**

# Exhibit A

Fry v. Navistar
July 15, 2022
Page 1 of 3

July 15, 2022

*Sent Via U.S. Mail and Email:* kjassy@littler.com, njenkins@littler.com

Kara L. Jassy, Nathaniel H. Jenkins
**LITTLER MENDELSON, P.C.**
633 West 5th Street, 63rd Floor
Los Angeles, California 90071

> **Re:     *Fry v. Navistar Inc., et. al.; Meet and Confer for Remand to State Court***

Dear Ms. Jassy:

We are in receipt of your notice of removal to federal court. Please allow this letter to initiate our good-faith attempts to meet and confer regarding the deficiencies in your removal papers and to request that you stipulate to remand immediately.

We understand that your clients removed the instant matter based on alleged diversity grounds; however, please be advised that removal was improper based upon the following:

1. Diversity Citizenship Does Not Exist As Defendant Jeffrey Dossey is a California Citizen and Is Not A Sham Defendant

To defeat diversity citizenship, the party who invoked the federal court's removal jurisdiction is forced to prove by a preponderance of evidence whatever is necessary to support their petition. *Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566; see also *B., Inc. v. Miller Brewing Co.* (5th Cir. 1981) 663 F.2d 545, 549. Further, removal statutes are "strictly construe[d] against removal," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d at 566; *see also Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). In the instant matter, Defendants are thereby required to prove diversity citizenship in the face of an immense presumption thereagainst.

As you further know, to defeat diversity citizenship, "[t]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Travis v. Irby* (5th Cir. 2003) 326 F.3d 644, 648; see also *Good v. Prudential Ins. Co. of Am.* (N.D. Cal. 1998), 5 F.Supp.2d 804, 807. Further, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Padilla v. AT&T Corp.*, (C.D. Cal. 2009), 697 F.Supp.2d 1156, 1159 (brackets in original); *Macey v. Allstate Prop. & Cas. Ins. Co.*, (N.D. Cal. 2002), 220 F.Supp.2d 1116, 1117. "Because the court must resolve all doubts

Fry v. Navistar
July 15, 2022
Page 2 of 3

against removal, we employ a presumption against fraudulent joinder." *Macey*, *supra*, 220 F.Supp.2d at 1117-1118 (citing <u>Gaus</u>, *supra*, 980 F.2d 564 at 566). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original).

You have claimed that diversity due to an exception where a non-diverse defendant has been fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Under the Ninth Circuit' approach to this doctrine, "a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor the plaintiff could not possible recover against the party whose joinder is questioned." *Padilla v. AT & T Corp.*, 679 F. Supp 2d 1156,1158 (C.D. Cal. 2009) (citing *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).

Plaintiff, Adam Fry alleges that Plaintiff and Defendant Dossey are each citizens of California. There is thus not complete diversity, and the case must be remanded to state court. Defendants allege that Defendant Jeffrey Dossey are "sham" defendants and that their citizenship should be disregarded for the purpose of establishing diversity jurisdiction under 28 U.S.C. § 1332.

The Complaint explicitly alleges facts of severe and pervasive harassment against Defendants, including biased personnel management decisions, derisive comments, and abusive conduct. Firstly, it is alleged in paragraph 14(a), page 5 that:

> *"Plaintiff was working with co-worker Sergio Palomar, when General Manager and Defendant, Jeffrey Dossey who used racially charged language when addressing Mr. Palomar, including, "come here brown boy," and "hey brown person come over for a moment," creating a hostile work environment and demonstrating severe harassing conduct."*

In Addition, Plaintiff alleges the following against Defendant:

At paragraph 14(d), page 5:

> *"Later, in or around May 2019, Defendant Dossey began to mock the Mexican holiday Cinco De Mayor but acknowledged the previous complaint against him based for harassing comments by stating "I'm not allowed to talk about it because [Sergio] will just report me to Human Resources."*

Moreover, pursuant to Cal. <u>Gov. Code</u> § 12923(b), as amended by the California State Legislature via Senate Bill 1300, "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the hostile conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." In light thereof, and because Defendant has made no claims that Defendant Jeffrey Dossey, is not domiciled in California, removal is improper because diversity does not, and cannot, exist. See *Padilla*, *supra*, 697 F.Supp.2d at 1159.

Fry v. Navistar
July 15, 2022
Page 3 of 3

Thus, as the Complaint clearly names Defendant Jeffrey Dossey as a California resident, and no additional State proceedings exist to demonstrate otherwise, diversity does not exist in this instant matter.

2. Defendant Cannot Prove the Amount In Controversy Exceeds $75,000.00

Defendant has also failed to produce sufficient evidence that the value of the instant action exceeds $75,000.00, a prerequisite for diversity. See *Indus. Tectonics, Inc. v. Aero Alloy*, (9th Cir. 1990) 912 F.2d 1090, 1094. Indeed, conclusory allegations as to the amount in controversy in a notice of removal are insufficient. *Williams v. Best Buy Co., Inc.*, 269 (11th Cir. 2001) F.3d 1316, 1319; *Gaus v. Miles, Inc*., *supra*, 980 F.2d at 566. Further, the amount in controversy is determined from the allegations or prayer of the complaint. See *St. Paul Mercury Indem. Co. v. Red Cab Co.*, (1938), 303 U.S. 283, 289. Here, though Defendant speculates as to the nature of Plaintiff's damages, Defendant lacks the necessary factual basis for this conjecture to overcome the burdensome presumption against removal.

For the above listed reasons, please agree to stipulate to remand by Monday July, 18 2022. If we do not hear from you by then, we will be forced to bring a motion to remand and will request attorneys' fees and sanctions. Please feel free to contact me to discuss further.

Very truly yours,
REISNER & KING LLP


ADAM REISNER

# Exhibit B

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Adam Reisner, Esq. SBN 204351 / Tessa King, Esq.  SBN 251408<br>Reisner & King LLP<br>15303 Ventura Boulevard, Suite 1260<br>Sherman Oaks, CA 91403<br>　　　TELEPHONE NO.: 818-981-0901　　　FAX NO. *(Optional):* 818-981-0902<br>E–MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Yolo
　STREET ADDRESS: 1000 Main Street
　MAILING ADDRESS: 1000 Main Street
　CITY AND ZIP CODE: Woodland, CA 95695
　BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Adam Fry | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Navistar, Inc.; Jeffrey Dossey, an individual; and DOES 1 | CV2022-0851 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ✔ Summons

   b. ✔ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package, and Voluntary Efficient Litigation Stipulations (with forms)

   d. ✔ Civil Case Cover Sheet

   e. ☐ Cross Complaint

   f. ☐ Other:

3. a. Party served (specify name of party as shown on documents served):

   Navistar, Inc.

   b. ✔ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   CSC LAWYERS INCORPORATING - Koy Saechao (A F 31-35 141-160 Blk hair)

4. Address where the party was served:

   2710 GATEWAY OAKS DR STE 150N SACRAMENTO, CA 95833

5. I served the party *(check proper box)*

   a. ✔ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 6/9/22　　　(2) at *(time):* 2:11pm

   b. ☐ **by substituted service.** On *(date):*　　　at *(time):*　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*　　　from *(city):*　　　**or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Adam Fry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navistar, Inc.; Jeffrey Dossey, an individual; and DO | CV2022-0851 |

5.  c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                           (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [ ] as an individual defendant.
    b. [ ] as the person sued under the fictitious name of *(specify):*
    c. [ ] as occupant.
    d. [✔] On behalf of *(specify):*  Navistar, Inc
        under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7.  **Person who served papers**
    a. Name:  Krystalyn Souza
    b. Address: Horizon Investigation Inc. - 11693 San Vicente Blvd., #449, Los Angeles, CA 90049 - CA PI 24731
    c. Telephone number: 424-835-0035
    d. **The fee** for service was: $ 0.00
    e. I am:

    (1) [ ] not a registered California process server.
    (2) [✔] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
        (i) [ ] owner [ ] employee [ ] independent contractor.
        (ii) Registration No.:
        (iii) County:

8. [✔] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 6/13/22

/S/   Krystalyn Souza
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ /S/ *Krystalyn Souza*
    (SIGNATURE )

POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    **Page 2 of 2**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Adam Reisner, Esq. SBN 204351 / Tessa King, Esq.  SBN 251408<br>Reisner & King LLP<br>15303 Ventura Boulevard, Suite 1260<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: 818-981-0901    FAX NO. *(Optional)*: 818-981-0902<br>E–MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Yolo
STREET ADDRESS: 1000 Main Street
MAILING ADDRESS: 1000 Main Street
CITY AND ZIP CODE: Woodland, CA 95695
BRANCH NAME:

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Adam Fry<br><br>DEFENDANT/RESPONDENT: Navistar, Inc.; Jeffrey Dossey, an individual; and DOES 1 | CV2022-0851 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package, and Voluntary Efficient Litigation Stipulations (with forms)
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross Complaint
   - f. ☐ Other:

3. a. Party served (specify name of party as shown on documents served):
   **JEFFREY DOSSEY (C F 49 250 6" brn)**
   - b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served:
   4505 West Capital Ave  West Sacramento, CA 91591
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: 6/10/22    (2) at *(time)*: 2:05pm
   - b. ☐ **by substituted service.** On *(date)*:    at *(time)*:    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    **or** ☐ a declaration of mailing is attached.

     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Adam Fry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Navistar, Inc.; Jeffrey Dossey, an individual; and DO | CV2022-0851 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                 (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name:   Jason Marshall
  b. Address: Horizon Investigation Inc. - 11693 San Vicente Blvd., #449, Los Angeles, CA 90049 - CA PI 24731
  c. Telephone number: 424-835-0035
  d. **The fee** for service was: $ 0.00
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 6/13/22

/S/ Jason Marshall                     ▶ /S/ *Jason Marshall*
_____            _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a resident of the State of California; I am over the age of 18 years and not a party to the within action; my business address is 15303 Ventura Blvd, Suite 1260, Sherman Oaks, CA 91403.

On **July 15, 2022**, I served true copies of the following document(s) described **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $13,125.00 AGAINST DEFENDANT NAVISTAR INC., AND ITS ATTORNEYS LITTLER MENDELSON P.C., AND KARA L. JASSY, ESQ. AND NATHANIEL H. JENKINS ESQ., JOINTLY AND SEVERALLY,** on the following interested parties in this action:

Kara L. Jassy
kjassy@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street 63rd Floor
Los Angeles, California 90071

Nathaniel H. Jenkins
njenkins@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall Suite 2000
Sacramento, California 95814

___**X**___ **BY EMAIL:** I hereby certify that on July 15, 2022, the foregoing documents were filed electronically. A copy was sent by electronic mail transmission to the e-mail addresses listed.

__**X**_____ **ELECTRONICALLY** by using the Court's ECF/CM System.

___**X**___ **(FEDERAL)   I declare under the penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.**

Executed on **July 15, 2022**, at Sherman Oaks, California.

_Jon Ramone_
_____
Jon Ramone