UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM FRY,<br><br>   Plaintiff,<br><br>   v.<br><br>NAVISTAR, INC., et al.,<br><br>   Defendants. | No. 2:22-cv-01201-DAD-JDP<br><br>ORDER GRANTING PLANTIFF'S MOTION TO REMAND THIS ACTION AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 6, 7) |

This matter is before the court on the plaintiff's motion to remand this action to the Yolo County Superior Court (Doc. No. 7) and defendant Navistar, Inc.'s motion to dismiss plaintiff's claims brought against defendant Jeffrey Dossey, who defendant Navistar contends was fraudulently joined in this action to defeat diversity jurisdiction, (Doc. No. 8). The pending motions were taken under submission on the papers on August 1, 2022.[1] (Doc. No. 10.) For the reasons explained below, plaintiff's motion to remand will be granted and defendant's motion to dismiss will be denied as having been rendered moot.

**BACKGROUND**

On May 27, 2022, plaintiff Adam Fry filed a complaint initiating this action against his employer Navistar, Inc. ("Navistar") and its general manager Jeffrey Dossey. (Doc. No. 1-1 at 6.)

---

[1] On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 12.)

1

In his complaint, plaintiff brings seventeen state employment and labor law claims, including his second claim against both defendants for "actual/perceived disability harassment in employment" and his sixteenth claim against both defendants for intentional infliction of emotional distress ("IIED"). (*Id.* at 14, 56.) Plaintiff also alleges that both he and defendant Dossey are individuals domiciled in California. (*Id.* at 8.)

On July 8, 2022, defendant Navistar filed its answer to plaintiff's complaint in Yolo County Superior Court. (Doc. No. 1 at 3.) Later that day, defendant Navistar removed this action to this federal court pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds that diversity jurisdiction exists because the amount in controversy is at least $75,000, plaintiff and defendant Navistar are citizens of different states, and defendant Dossey's citizenship "should be disregarded for diversity purposes because he is a 'sham' defendant." (*Id.* at 4–6.) According to defendant Navistar, plaintiff's complaint fails to allege facts sufficient to support claims against defendant Dossey for disability harassment and IIED. (*Id.* at 6–10.) Defendant Navistar also argues that plaintiff's IIED claim against defendant Dossey is preempted by California's Workers' Compensation Act and barred by the manager's privilege doctrine—a state law doctrine that, where applicable, precludes individual liability for a manager's conduct in the course of employment. (*Id.* at 9.) Based on those same arguments, on July 15, 2022, defendant Navistar filed the pending motion to dismiss plaintiff's claims against defendant Dossey. (Doc. No. 6.)

Also on July 15, 2022, plaintiff filed the pending motion to remand this action to the Yolo County Superior Court, arguing that defendant Dossey is not a "sham" defendant fraudulently joined in this action. (Doc. No. 7 at 13.)[2] According to plaintiff, "defendant Dossey is a California citizen, who is alleged to have created a hostile work environment in violation of the Fair Employment and Housing Act by harassing [plaintiff] due to his association with a co-worker's disabilities, and for being a witness to a FEHA claim, which caused [plaintiff] to suffer damages." (*Id.*) Plaintiff also points to allegations in his complaint regarding defendant Dossey's

---

[2] In his motion to remand, plaintiff also requests that the court award him $13,125.00 in attorneys' fees because, he asserts, defendant Navistar did not remove this action on objectively reasonable grounds. (Doc. No. 7 at 24–25.)

use of racially charged language, "including, 'come here brown boy,' and 'hey brown person come over for a moment,' creating a hostile work environment and demonstrating severe harassing conduct." (*Id.* at 16.) Plaintiff maintains that his claims against defendant Dossey are sufficiently stated. (*Id.* at 13–20.) Nevertheless, in his opposition to the pending motion to dismiss, plaintiff notes that if the court were inclined to grant the motion to dismiss, he requests that leave to amend his complaint be granted because he can allege additional facts to support his claims. (Doc. No. 8 at 2, 9, 11, 15–16.) Plaintiff also seeks leave to amend his complaint to add an additional claim against defendant Dossey for associational race harassment under California's Fair Employment and Housing Act, "in conformity to the facts already plead in the complaint." (*Id.* at 2, 16.)

## LEGAL STANDARD

### A. Removal Jurisdiction

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**B.     Fraudulent Joinder**

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If the court finds that the joinder of the non-diverse defendant is fraudulent, that defendant's citizenship is ignored for the purposes of determining diversity. *Id.*

If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046); *see also Avellanet v. FCA US LLC*, No. 19-cv-7621-JFW-KSX, 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("A claim of fraudulent joinder should be denied if there is *any* possibility that a plaintiff may prevail on the cause of action against an in-state defendant."). The Ninth Circuit has acknowledged that the analysis under Federal Rule of Civil Procedure 12(b)(6) shares some similarities with the fraudulent joinder standard, and that "the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined." *Grancare, LLC*, 889 F.3d at 549. The two tests should not, however, be conflated. *Id.*

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there. For example, the district court must consider, . . . , whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

*Id.* at 550. Thus, remand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009).

**DISCUSSION**

Because plaintiff's motion to remand challenges this court's subject matter jurisdiction, the court addresses that motion first. For the reasons discussed below, the court concludes that defendant Dossey has not been fraudulently joined, and that this court therefore lacks diversity jurisdiction. Because this case must be remanded, defendant' Navistar's motion to dismiss will be denied as having been rendered moot.

First, as to defendant Navistar's arguments that plaintiff's complaint fails to allege sufficient facts to state cognizable disability harassment and IIED claims, the court is not persuaded that plaintiff would be unable to cure any such alleged pleading deficiencies in an amended complaint. *See Barsell v. Urb. Outfitters, Inc.*, No. 09-cv-02604-MMM-RZ, 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009) ("District courts have [] granted motions to remand where the complaint failed to allege outrageous conduct, because it was possible that plaintiff could cure the deficiency by amendment.") (citing *Burris v. AT&T Wireless, Inc.,* No. 06-cv-02904 JSW, 2006 WL 2038040, *2 (N.D. Cal. July 19, 2006) (remanding action where the defendant did "not argue that Burris cannot assert a tort claim for emotional distress against his former supervisor as a matter of law," noting that "[a]lthough as currently ple[d], Burris has not alleged conduct which may be considered extreme or outrageous, [the defendant] has not demonstrated that, under California law, Burris would not be afforded leave to amend his complaint to cure this purported deficiency.") Notably, because plaintiff has not yet amended his complaint, this court would be inclined to grant plaintiff leave to amend. Further, as plaintiff notes, if this action is remanded, the state court would likely grant him leave to amend his complaint as well. (Doc. No. 8); *see also* Cal. Civ. Pro. Code § 472.

Second, the court is also not persuaded by defendant Navistar's arguments that plaintiff's IIED claim against defendant Dossey is preempted by California's Workers' Compensation Act. The Workers' Compensation Act ("WCA") provides the "exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment." Cal. Lab. Code § 3601(a). Although "an employee's emotional distress injuries are subsumed under the exclusive remedy provisions of workers' compensation," an employee

5

may otherwise maintain an IIED claim if the employer's conduct (1) contravenes fundamental public policy; or (2) exceeds the risks inherent in the employment relationship. *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 754 (1992). District courts within the Ninth Circuit have concluded "that IIED claims based on alleged discrimination do fall outside the normal course of an employer-employee relationship and thus are not barred by the [WCA's] exclusivity provisions." *Zolensky v. Am. Medflight, Inc.*, No. 2:16-cv-00788-KJM-KJN, 2017 WL 1133926, at *7–8 (E.D. Cal. Mar. 27, 2017) (finding plaintiff's IIED claim did not fall outside the normal course and scope of an employment relationship because plaintiff did not allege discrimination); *Negherbon v. Wells Fargo Bank*, No. 15-cv-02368-JCS, 2015 WL 6163570, at *10 (N.D. Cal. Oct. 21, 2015) (holding that the plaintiff's IIED claim was not barred by WCA exclusivity, where plaintiff had based her IIED claim on allegations of harassment and discrimination on the basis of a medical condition); *Elowson v. Jea Senior Living*, No. 2:14-cv-02559-JAM-KJN, 2015 WL 2455695, at *1, *4–5 (E.D. Cal. May 22, 2015) (finding that plaintiff's IIED claim for harassment and discrimination on the basis of gender, medical conditions, and lawful taking of protected leave were not preempted because such conduct fell outside the scope of employment). Here, plaintiff's IIED claim against defendant Dossey is based on alleged harassment and discrimination against plaintiff, including defendant Dossey's use of racially charged language and refusal to allow plaintiff to take medical leave. (Doc. No. 7 at 18–20.) Resolving all doubts in plaintiff's favor as required at this stage of the litigation, the court finds that plaintiff's IIED claim is based on allegations of harassment and discrimination, and such a claim is not preempted by the WCA.

Third, and finally, defendant's argument that plaintiff's IIED claim is barred by the manager's privilege doctrine is unavailing. "A managerial privilege means that 'a person in a managerial or supervisory role for a company or client cannot be personally liable to an injured party for injury stemming from a contract between the company and the injured.'" *E.E.O.C. v. Interstate Hotels, L.L.C.*, No. 04-cv-04092 WHA, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) (citation omitted). "This privilege is akin to the privileges associated with intentional interference with contract or economic relationship." *Id.* (citing *Calero v. Unisys Corp.*, 271 F.

1  Supp. 2d 1172, 1180 (N.D. Cal. 2003) (remanding an action where defendants "failed to convince

2  [the] court that a state court will find that the manager's privilege applies" to bar the plaintiff's

3  IIED claim). "[T]here are numerous cases from both California state courts and district courts

4  refusing to apply the manager's privilege outside the scope of claims for intentional interference

5  with contractual relationship." *Hernandez v. Ignite Rest. Grp., Inc.*, 917 F. Supp. 2d 1086, 1091

6  (E.D. Cal. 2013) (citing cases). "IIED is outside the scope of the managerial privilege." *Webber*

7  *v. Nike USA, Inc.*, No. 12-cv-00974-BEN-WVG, 2012 WL 4845549, at *4 (S.D. Cal. Oct. 9,

8  2012).

9       In sum, defendant Navistar has not met its heavy burden of demonstrating that plaintiff's

10  claims against defendant Dossey fail as a matter of law or that there is no "*possibility* that a state

11  court would find that the complaint states a cause of action against" defendant Dossey. *See*

12  *Grancare, LLC*, 889 F.3d at 548. Accordingly, plaintiff's motion to remand will be granted.

13       However, because the court finds that the applicable law was not so clear as to render

14  defendant Navistar's removal of this action objectively unreasonable, the court will deny

15  plaintiff's request for the award of attorneys' fees in connection with the removal. *See Martin v.*

16  *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may

17  award attorney's fees under § 1447(c) only where the removing party lacked an objectively

18  reasonable basis for seeking removal.").

19  **CONCLUSION**

20  For the reasons set forth above,

21    1.    Plaintiff's motion to remand (Doc. No. 7) is granted;

22    2.    Plaintiff's request for attorneys' fees is denied;

23    3.    Defendant's motion to dismiss (Doc. No. 6) is denied as having been rendered

24         moot by this order;

25  /////

26  /////

27  /////

28  /////

4. This action is remanded to the Yolo County Superior Court, pursuant to 28 U.S.C. § 1447(c), due to this court's lack of subject matter jurisdiction; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 4, 2022**

   /s/ Dale A. Drozd
   UNITED STATES DISTRICT JUDGE